UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDEE HART,

          Plaintiff,

v.

YVONNE BRANTLEY et al.,

          Defendants.
_____/

Case No. 24-cv-12136

HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**GRANTING IN PART DEFENDANT'S MOTION TO DISMISS (Dkt. 16)**

Plaintiff Brandee Hart alleges that Defendants Lieutenant Yvonne Brantley and Sargent Jared Chiros violated several of Hart's constitutional rights. Before the Court is Defendant Chiros's motion to dismiss (Dkt. 16). For the reasons that follow, the Court grants in part Chiros's motion.[1]

### I. BACKGROUND

Hart's complaint alleges the following facts. Hart has been a Michigan State Trooper since 2017. Compl. ¶ 6 (Dkt. 1). She was assigned to the Flint post and was under the supervision of Yvonne Brantley. Id. ¶¶ 8, 13. Defendant Sergeant Jared Chiros also worked there. Id. ¶ 14. In March 2022, during a social gathering at a bar with other officers from the Michigan State Police, Chiros sat next to Hart. Id. ¶¶ 16, 18. He repeatedly rubbed her leg under the table, and Hart pushed his hand off her leg several times. Id. ¶¶ 19, 20. Subsequently, Chiros repeatedly messaged

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion, the briefing includes Plaintiffs' response (Dkt. 18) and Defendant's reply (Dkt. 19).

1

Hart and attempted to convince her to spend time with him and to engage in sexual relations.  Id. ¶ 21.  At another social event with several other officers, Chiros walked up to Hart and smacked her buttocks without her consent.  Id. ¶¶ 25, 26.  On yet another occasion he grabbed her by the waist several times despite Hart's efforts to pull away.  Id. ¶¶ 28, 29.  Another time, other officers informed Hart that Chiros had devised a plan to get Hart very intoxicated at a party at his house and then to have all the other guests leave, so that he could have sex with her.  Id. ¶¶ 39–45.

In March 2023, another state trooper filed a complaint against Chiros with internal affairs, prompting investigations into Chiros's past behavior.  Id. ¶ 56.  As part of the investigation, several lieutenants interviewed Hart on multiple occasions.  Id. ¶¶ 57, 60.  During the interviews, Hart reported the sexual assault and harassment to which Chiros had subjected her.  Id. ¶¶ 58, 60.  In September 2023, Hart learned that she and other troopers had been placed on the Genesee County Brady-Giglio list for alleged lack of candor or untruthfulness.  Id. ¶¶ 61, 62.  Karen Hanson, Managing Assistant Prosecuting Attorney, informed another trooper that Brantley had reported to the Chief Assistant Prosecuting Attorney that Hart and the other troopers had lied during their internal interviews regarding Chiros and that all the troopers who participated in those interviews were placed on the Brady-Giglio list.  Id. ¶¶ 67, 68.

Then in October 2023, Chiros reported to specialist lieutenant Erica Shumaker that Hart had been involved in an off-duty motor vehicle accident in which she and another officer falsely reported information to their insurance companies.  Id. ¶ 73.  This led to an internal affairs and a criminal felony insurance fraud investigation into Hart.  Id. ¶ 75, 76.  Although in January 2024 the Genesee County prosecutor declined to pursue criminal charges, Hart learned that she was still on the Brady-Giglio list.  Id. ¶¶ 89, 90.  As a result of the internal affairs investigation, in May

2

2024, Hart received a 10-day suspension for failing to report the off-duty motor vehicle accident to the police. Id. ¶¶ 100, 101.

## II. ANALYSIS[2]

Invoking 42 U.S.C. § 1983, Hart alleges that Chiros sexually harassed her, violating her substantive due process and equal protection rights under the Fourteenth Amendment. Compl. ¶¶ 181– 221. Hart also separately asserts that Chiros violated her Fourteenth Amendment rights by retaliating against her for reporting Chiros's alleged sexual harassment. Id. ¶¶ 222– 239. In his motion to dismiss, Chiros argues that the counts against him should be dismissed because: (i) they concern purely private conduct, (ii) he is not Hart's supervisor, and (iii) the allegations do not shock the conscience. Mot. at 8–18.

### A. Sexual Harassment Fourteenth Amendment Claims

Section 1983 claims "must satisfy two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." Ellison v. Garbarino, 48 F.3d 192, 194 (6th Cir. 1995) (punctuation modified).

Chiros argues that Hart's § 1983 claims are fundamentally deficient because the facts alleged in the complaint do not provide any basis to find that Defendant Chiros was acting under

---

[2] To survive a motion to dismiss, a plaintiff must allege "facts that state a claim to relief that is plausible on its face and that, if accepted as true, are sufficient to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court is required to "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). The defendant has the burden of showing that the plaintiff has failed to state a claim for relief. Id.

color of law during the instances of alleged sexual harassment—rather they concern purely private action. Mot at 8-9.

At the motion to dismiss stage, the Court need not determine whether Chiros acted under the color of state law but only whether the pleadings are legally sufficient. See Thomas v. Briggs, No. 15-10210, 2018 WL 2002142, at *2 (E.D. Mich. Apr. 30, 2018). The conduct "of police officers in the ambit of their personal, private pursuits fall outside 42 U.S.C. § 1983." Stengel v. Belcher, 522 F.2d 438, 441 (6th Cir. 1975). On the other hand:

> The fact that a police officer is on or off duty, or in or out of uniform is not controlling. It is the nature of the act performed, not the clothing of the actor or even the status of being on duty, or off duty, which determines whether the officer has acted under the color of law.

Id. at 441 (punctuation modified). Chiros argues that any alleged sexual harassment or assault would have been a purely private matter, in no way connected with his state authority. Mot. at 8. Hart contends that this is a case of supervisor-employee harassment, and it is the misuse of Chiros's supervisory authority that makes the harassment an act under color of state law. Resp at 8–14. Generally, courts will find that a defendant acted under color of state law if the harassment occurred due to a supervisory relationship, but not when the harassment occurred between mere coworkers. David v. City & Cnty. of Denver, 101 F.3d 1344, 1354 (10th Cir. 1996).

In her complaint, Hart states that she was a trooper and Chiros was a sergeant. Compl. ¶¶ 14, 35. This alone establishes that Chiros was a higher-ranking officer and suggests that he may have been able to exercise authority over Hart, which would indicate a supervisor relationship. Chiros counters that Hart did not explicitly allege that he had command or supervisory authority over her, and that any such allegation would be undermined by the fact that Hart stated in the complaint that she was under the direct supervision of Brantley, a lieutenant. Reply at 2–3. But at the pleading stage, the exact chain-of-command and authority need not be spelled out in the

4

complaint. Fed. R. Civ. P. 9(b). That delineation may await further factual development and may ultimately be tested by summary judgment or trial.

Therefore, the Court denies Defendant's motion to dismiss as to Hart's sexual harassment substantive due process and equal protection claims.

### B. Retaliation Claim

Hart alleges that Chiros violated her substantive due process right to be free from arbitrary and capricious government action that shocks the conscience by blocking Hart's career advancement and by making false complaints about her in retaliation for her reporting his sexual misconduct. Compl. ¶ 229.

Chiros correctly asserts that the alleged facts are insufficient at the pleading stage to support Hart's retaliation claim. Mot. at 14–18. Making false statements about an employee can violate the employee's substantive due process rights, but only in cases where the employee was terminated. Brown v. City of Detroit, 259 F. Supp. 2d 611, 624 (E.D. Mich. 2003) (rejecting the plaintiff's Fourteenth Amendment due process claim where the plaintiff alleged failure to promote, alteration of job duties, and reputational damage because of his continued employment as a police officer). The "statements must be made in conjunction with the plaintiff's termination from employment." Brown v. City of Niota, 214 F.3d 718, 722 (6th Cir. 2000) (punctuation modified). Indeed, "suspension without pay and possible impairment of future employment opportunities standing alone are not generally fundamental interests that substantive due process protects." Howard v. Livingston Cnty., No. 21-1689, 2023 WL 334894, at *11 (6th Cir. Jan. 20, 2023). Here, while Hart was suspended for ten days and placed on the Brady-Giglio list, her employment has not been terminated. She, therefore, has not alleged facts sufficient to support her retaliation claim.

The Court grants Chiros's motion to dismiss as to Hart's retaliation claim.

## III.  CONCLUSION

For the reasons explained above, the Court denies Chiros's motion to dismiss with respect to the sexual harassment claims and grants Chiros's motion to dismiss with respect to the retaliation claim (Dkt. 16).

**SO ORDERED.**

Dated: July 1, 2025  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 1, 2025.

s/Joseph Heacox  
JOSEPH HEACOX  
Case Manager